Louis B. Cristo, Esq. and James C. Gocker, Esq.
**TREVETT CRISTO SALZER**
  **& ANDOLINA P.C.**
Two State Street, Suite 1000
Rochester, New York 14614
Telephone:(585) 454-2181
Facsimile: (585) 454-4026
*Attorneys for Individual and Representative*
*Plaintiff Premium Mortgage Corp.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PREMIUM MORTGAGE CORP., on behalf of itself and all others similarly situated, | |
| | **Civil No.** |
| Plaintiff, | |
| vs. | |
| EQUIFAX INC., a Georgia corporation, TRANS UNION LLC, a Delaware limited liability company, EXPERIAN INFORMATION SOLUTIONS INC., an Ohio corporation, and CREDIT PLUS, INC., a Maryland corporation, individually and as a representative of similarly situated defendants. | **CLASS ACTION** |
| | **DEMAND FOR JURY TRIAL** |
| Defendants | |

## CLASS ACTION COMPLAINT

Plaintiff Premium Mortgage Corp ("Premium") on behalf of itself and all others similarly situated, allege by and through its attorneys, upon information and belief after an inquiry reasonable under the circumstances, as follows:

## NATURE OF ACTION

1.      Defendants Equifax Inc. ("Equifax"), Trans Union LLC ("TransUnion), and Experian Information Solutions Inc. ("Experian") are the three national credit bureaus or consumer reporting agencies under the Fair Credit Reporting Act (collectively known herein as "Bureaus"), which are now, and have, for a number of years, been engaged in the wrongful practice of selling confidential and proprietary customer information belonging to mortgage brokers and mortgage bankers to third-party competitors. This practice has become known in the mortgage industry as the sale of "Trigger Leads". This Trigger Lead practice occurs when a mortgage customer submits a mortgage application to a mortgage broker or banker. That mortgage broker/banker subsequently places an order for that customer's credit report with an intermediary service (hereinafter "Reseller"), such as defendant Credit Plus, Inc. ("Credit Plus"), which then obtains a credit report incorporating credit information from the Bureaus. When the mortgage broker/banker requests a credit report concerning a customer from a Reseller, pursuant to the Federal Fair Credit Reporting Act, that mortgage broker/banker must provide the reason for the request. That information is then passed on to the Bureaus as an inquiry relative to a mortgage application. The Bureaus, in turn, knowing that this data is highly valuable to others in the mortgage industry, then sell this information to third-parties for substantial profits. These sales typically take place within 24 hours of the originating mortgage broker/banker's request for a credit report so as to be marketable to these third-parties.

2.      Through the acts alleged herein, the defendant Bureaus have: (1) misappropriated confidential and proprietary trade secret information belonging to the plaintiff and plaintiff Class as defined herein; (2) engaged in fraud and conspiracy to commit fraud, damaging the plaintiff and plaintiff Class as defined herein; (3) engaged in unfair competition with the plaintiff and plaintiff

Class as defined herein; (4) tortiously interfered with the contractual and/or prospective business relationships of the plaintiff and plaintiff Class as defined herein; and (5) engaged in a breach of contract affecting the plaintiff and plaintiff Class, intended beneficiaries, as defined herein ; and (6) the Bureaus have been unjustly enriched by their wrongful conduct.

3. Upon information and belief, defendant Credit Plus is and has knowingly and intentionally assisted the Bureaus with collecting, coding and thereafter selling these Trigger Leads to competitors in the industry, all for a substantial profit. As a result of the acts alleged herein, defendant Credit Plus has: (1) breached their respective contracts with the plaintiff and plaintiff Class as defined herein; (2) breached their implied covenants of good faith and fair dealing with the plaintiff and plaintiff Class as defined herein; (3) misappropriated confidential and proprietary trade secret information belonging to the plaintiff and plaintiff Class as defined herein; (4) engaged in fraud damaging the plaintiff and plaintiff Class as defined herein; (5) engaged in unfair competition with the plaintiff and plaintiff Class as defined herein; (6) tortiously interfered with the contractual and/or prospective business relationships of the plaintiff and plaintiff Class as defined herein; and (7) engaged in a breach of contract affecting the plaintiff and plaintiff Class as intended beneficiaries as defined herein; and (8) the Resellers have been unjustly enriched by their wrongful conduct.

4. Plaintiff and plaintiff Class seek to enjoin all the defendants' unlawful and intentional conduct, and to recover actual, statutory, punitive and all other damages provided for by law against the defendants' repeated unlawful acts and conduct. Plaintiffs also seek the disgorgement of all unjust gains defendants have received as a result of the unlawful conduct alleged herein, along with their attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6. Venue in this judicial district is proper because one or more plaintiff maintains its principal place of business here within the meaning of pursuant to 28 U.S.C. § 1391(a) and (c), and have contacts within this district sufficient to subject them to personal jurisdiction herein.

## PARTIES

7. Plaintiff Premium is a New York corporation that maintains its principal place of business in Rochester, New York.

8. Defendant Equifax is a Georgia corporation that maintains its principal place of business in Atlanta, Georgia.

9. Defendant TransUnion is a Delaware corporation that maintains its principal place of business in Chicago, Illinois.

10. Defendant Experian is an Ohio corporation that maintains its principal place of business in Costa Mesa, California.

11. Defendant Credit Plus is a Maryland corporation that maintains its principal place of business in Salisbury, Maryland.

## GENERAL ALLEGATIONS

12. The Bureaus are engaged in the business of gathering financial and credit information concerning consumers for the purpose of developing credit scores that may then be used to evaluate the creditworthiness of consumers and are the exclusive resource for doing so available to Plaintiff Class members.

13. Resellers, such as defendant Credit Plus, are engaged in the business of furnishing credit information from the Bureaus. These Resellers do not maintain credit history information on individual consumers, but rather compile credit scores from the Bureaus into a single merged report.

14. Upon information and belief, over the past few years the Bureaus and Resellers have been engaged in a course of conduct contrary to generally accepted commercial standards.

15. In particular, upon information and belief, once the Plaintiff and members of the plaintiff Class request credit reports for customers, the Bureaus and Resellers, upon receipt of those requests, intentionally, knowingly and in collaboration with one another, sell proprietary and confidential customer information belonging to the Plaintiff and plaintiff Class members to competitors of the Class members, in direct contravention of the Class members' rights and interests.

16. As a result of the Bureaus and Resellers unlawful conduct, the Plaintiff and plaintiff Class members have suffered loss of customers, loss of goodwill and loss of profit and the Defendants have been unjustly rewarded thereby. The Defendants, fully well aware that the information they possess relayed by Resellers on behalf of Plaintiff Class members was developed only through Plaintiff Class members advertising and marketing programs and established good will. In turn, they have provided such information to third parties, advertising the timeliness and value of this information, namely, the identity of individuals seeking mortgages and their relevant demographic data.

## CLASS ACTION ALLEGATIONS

17. Plaintiff commences this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23 (b)(1) through (3) on behalf of itself and all other similarly situated persons ("the Class"), defined as follows:

> **All mortgage brokers/bankers and mortgage brokerage firms who, between January 1, 2003 and the present, purchased credit reports in furtherance of customers' mortgage applications from either Equifax, Experian or TransUnion, or, alternatively, from a Reseller that purchased credit reports through one or more of the aforementioned credit bureaus, and which thereafter had their customer information sold by the Bureaus and/or Resellers, without their permission, to third-party competitors.**

Excluded from the Class are persons and entities engaged in the mortgage brokerage business who participated in or benefitted from the Trigger Lead scheme described herein; who have initiated suit against the Defendants regarding the conduct alleged herein; the Defendants; any entity in which the Defendants have a controlling interest; any of the officers, directors, or employees of Defendants, their legal representatives, heirs, successors, and assigns of the Defendants; anyone employed with Plaintiff's counsel's firm; and any judge to whom the case is assigned.

18. **Numerosity**. The members of the Class are so numerous and widely dispersed that joinder of them in one action is impracticable. Thousands of mortgage brokers, bankers and mortgage brokerage firms have purchased credit reports concerning customers from the Defendants during the period in question. The precise number of Class members is unknown to Plaintiff, but the members of the Class can be readily identified from information and records in Defendants' possession and control.

19. **Typicality**. **Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of the claims of Class members in that Plaintiff purchased credit reports for customers from the Bureaus and Resellers, which were thereafter sold to mortgage industry competitors all to the Plaintiff's detriment, during the period in question.

20. **Adequacy of Representation**. **Fed. R. Civ. P. 23(a)(4).** Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained competent counsel, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

21. **Superiority**. **Fed. R. Civ. P. 23(b)(3).** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members are relatively small compared with the burden and expense that would be entailed by individual litigation of their claims against the Defendants which cumulatively are believed to have been enriched by the receipt of significant sums of money. It would thus be unnecessarily burdensome for Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system should not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these requests for legal and equitable relief in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

22. In the alternative, the Class may be certified under the provisions of Fed. R. Civ.P. 23(b)(1) and/or 23(b)(2) because:

a. the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for Defendants; or

b. the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudication, or substantially impair or impede their ability to protect their interests; or

c. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the Class members as a whole.

23. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to:

a. Whether the Bureaus sold confidential and proprietary customer information, belonging to Class members to mortgage industry competitors;

b. Whether the Bureaus acted in a manner constituting an unfair trade practice;

c. Whether Resellers, including defendant Credit Plus, assisted and/or collaborated with the Bureaus in collecting and coding confidential and proprietary customer information for the purpose of selling same to mortgage industry competitors;

d. Whether Resellers, including defendant Credit Plus, sold confidential and proprietary customer information, belonging to Class members, to mortgage industry competitors;

8

e. Whether the Bureaus and Resellers, based on the practices described herein, misappropriated confidential and proprietary customer information belonging to Class members, all for their own benefit;

f. Whether the Bureaus and Resellers, based on the practices described herein, fraudulently induced Class members into purchasing credit reports from them for customers by intentionally and wrongfully concealing the material fact that they intended to sell customer information to competitors of the Class;

g. Whether the Bureaus and Resellers, based on the practices described herein, unfairly competed against Class members by intentionally misappropriating proprietary and confidential customer information belonging to Class members for the purpose of selling same to competitors of the Class, all in contravention of generally accepted commercial practices in the mortgage industry;

h. Whether the Bureaus and Resellers, based on the practices described herein, tortuously interfered with the contractual and/or prospective business relationships of Class members with their customers;

I. Whether the Bureaus, based on the practices described herein, breached their contracts with Resellers wherein the Class members were intended beneficiaries of any such contract, between the Bureaus and Resellers, to supply credit reports to Class members;

j. Whether the Resellers, based on the practices described herein, breached their respective contracts with members of the Class by intentionally violating the established custom in the mortgage industry wherein Resellers hold all customer information conveyed to them by Class members as confidential and proprietary; and

k. Whether the Resellers, based on the practices described herein, breached their respective covenants of good faith and fair dealing with Class members by selling proprietary and confidential information to Class competitors, thereby preventing Class members an opportunity to enjoy the fruits of their contracts with the Resellers.

**FIRST CAUSE OF ACTION**
(Breach of Contract)

24. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 23 as if set forth fully herein.

25. Over the past several years, Class members in this action have executed contracts with various Resellers for the provision of credit reports.

26. Upon information and belief, with these contracts in place, Class members thereafter placed orders for credit reports for customers applying for mortgages through these Resellers.

27. Upon information and belief, Class members satisfied all requirements of their contracts with Credit Plus and other Resellers.

28. Upon information and belief, although Class members satisfied all of their obligations under the respective contracts, the defendant Resellers, including Credit Plus, sold the Class members' confidential and proprietary customer information to third party competitors for a profit.

29. Upon information and belief, it is a well settled custom and practice in the mortgage industry that Resellers are required to hold Class members' customer information in the strictest confidence and not disclose this information to any other party.

30. Upon information and belief, the defendant Resellers were on notice of this custom, but intentionally chose to ignore same to the detriment of the Class members.

31. Upon information and belief, the defendant Resellers breached their contractual obligations to hold the Class members' proprietary customer information confidential.

32. The defendant Reseller Credit Plus and other Resellers conduct violates the Class members' rights, and the Class members have subsequently been damaged as a result of their conduct.

33. Based on the above, the Court should award all appropriate relief as set forth in the Prayer for Relief.

## SECOND CAUSE OF ACTION
(Breach of Implied Covenant of Good Faith and Fair Dealing)

34. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 33 as if set forth fully herein.

35. As a result of the Class members' execution of contracts with the defendant Resellers, all parties became subject to an implied covenant of good faith and fair dealing.

36. Pursuant to this covenant of good faith and fair dealing, the parties were obligated to not engage in any conduct that would have the effect of destroying or injuring the rights of the other party to receive the benefits of the contract.

37. The defendant Resellers were on notice and otherwise knew the reason that the Class members were purchasing credit reports through them.

38. Despite this knowledge, the defendant Resellers intentionally and knowingly engaged in conduct that violated the rights of the Class members by selling confidential and proprietary customer information to third-party competitors.

39. As a result of the defendant Resellers' selling the Class members' confidential information to third-party competitors, they engaged in a course of conduct that knowingly and intentionally interfered with the Class members' ability to enjoy the benefits of their contracts.

40. The defendant Resellers' covenant to hold the Class members proprietary information confidential was implicit in their contract in accordance with the industry custom that such information be held in the strictest confidence and not shared.

41. The defendant Resellers' implied obligation to hold the Class members' proprietary information confidential is not inconsistent with the terms of the aforementioned contractual relationships.

42. As a result of the defendant Resellers' breach of their implied covenant of good faith and fair dealing, the Class members have been damaged.

43. Based on the above, the Court should award all appropriate relief as set forth in the Prayer for Relief.

**THIRD CAUSE OF ACTION**
(Misappropriation of Confidential Information and Trade Secrets)

44. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 43 as if set forth fully herein.

45. As a result of the Class members requesting credit reports from the defendant Resellers and consequently the Bureaus, the Defendants came into possession of proprietary customer information belonging to the Class members.

46. The Defendants were and are under a duty and obligation to maintain the confidentiality of the Class members' proprietary information.

47. The Class members' customer information is wholly proprietary based on the fact that such information is not readily known in the industry and it cannot be obtained except through extraordinary effort. Moreover, the Class members have expended extraordinary effort and expense with respect to developing this customer information.

48. Upon information and belief, despite a recognition by the Defendants that the Class members purchased these credit reports in furtherance of their intention to execute mortgage contracts with prospective customers, the Defendants nonetheless took this proprietary customer information in bad faith and used same to the detriment of the Class members by knowingly and intentionally selling same to the Class members' third-party competitors.

49. Upon information and belief, the Defendants knowingly and intentionally misappropriated the Class members' proprietary information for their own commercial advantage to the detriment of the Class members.

50. As a result of the Defendants' misappropriation of confidential information, the Class members have been damaged.

51. Based on the above, the Court should award all appropriate relief as set forth in the Prayer for Relief.

## FOURTH CAUSE OF ACTION
(Fraud)

52. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 51 as if set forth fully herein.

53. Upon information and belief, the Defendants in this matter fraudulently induced Class members to enter into contracts with them for the provision of credit reports by knowingly and

intentionally omitting and misrepresenting the fact that they would sell the Class members' proprietary information to third-party competitors.

54. Upon information and belief, the Defendants knew and/or were on notice that Class members believed that their customer information would be held in strict confidence by the defendant Resellers.

55. Upon information and belief, while fully cognizant of the Class members' belief that their proprietary information would be held in confidence, the Defendants intentionally and knowingly allowed the Class members to believe that their proprietary information was being protected and would not be disclosed.

56. Upon information and belief, the Defendants intentionally omitted and misrepresented the fact that the Class members' proprietary information would be held in confidence, all for the purpose of inducing Class members to enter into contracts with the Defendants.

57. Upon information and belief, the defendant Resellers knew that the disclosure of such information would reduce or negate the possibility of the Class members executing contracts with them, and therefore intentionally withheld and/or misrepresented that their information would be held in confidence.

58. The Class member justifiably relied on the Defendants' representations.

59. In this commercial setting, the Defendants were obligated by morals and good conscience to disclose the fact that the information they received from the Class members would be sold to third-party competitors, especially where the Defendants knew that the Class members expected their proprietary information to be held in strict confidence.

60. As a result of the Defendants' fraudulent inducement, the Class members have been damaged.

61. Based on the above, the Court should award all appropriate relief as set forth in the Prayer for Relief.

**FIFTH CAUSE OF ACTION**
(Unfair Competition)

62. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 61 as if set forth fully herein.

63. Upon information and belief, the Defendants in this matter knowingly and intentionally misappropriated the Class members proprietary information in bad faith for the purpose of selling same to the Class members' third-party competitors, all for the Defendants' own benefit and to the significant detriment of the Class members.

64. Upon information and belief, the Defendants' conduct in misappropriating the Class members' confidential information directly contravenes accepted commercial practices that would otherwise require and obligate the Defendants to hold the Class members' customer information confidential.

65. The Defendants' conduct in this matter was and is unfair to the Class members in that the Defendants violated established commercial practices which require the Defendants to hold the aforementioned proprietary information confidential, and otherwise not sell same to the Class members competitors all for their own benefit and the clear detriment of the Class members.

66. As a result of the Defendants' unfairly competitive conduct, the Class members have been damaged.

67. Based on the above, the Court should award all appropriate relief as set forth in the Prayer for Relief.

**SIXTH CAUSE OF ACTION**
(Tortuous Interference With Contractual or Prospective Business Relations)

68. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 67 as if set forth fully herein.

69. As a result of the Class members requesting credit reports from the defendant Resellers and consequently the Bureaus, the Defendants came into possession of proprietary customer information belonging to the Class members.

70. The Defendants were and are under a duty and obligation to maintain the confidentiality of the Class members' proprietary information.

71. The Class members ordered these credit reports from the Defendants with the intention of using same to execute mortgage contracts with prospective customers.

72. The Defendants were on notice and otherwise knew the reason that the Class members were purchasing credit reports through them.

73. Despite this knowledge, the Defendants intentionally and knowingly engaged in conduct that violated the rights of the Class members by their selling confidential and proprietary customer information to third-party competitors.

74. Upon information and belief, the Defendants intentionally engaged in wrongful and/or unlawful acts that directly harmed or otherwise interfered with the Class members' abilities to execute mortgage contracts with customers by intentionally selling those very customers'

confidential information to third-party competitors with the knowledge those third parties would utilize this information to usurp those customers.

75. As a result of the Defendants' Tortuous interference with the Class members' contractual and/or prospective business relationships, the Class members have been damaged.

76. Based on the above, the Court should award all appropriate relief as set forth in the Prayer for Relief.

**SEVENTH CAUSE OF ACTION**
(Breach of Contract Of Which Class Members Were Intended Beneficiaries)

77. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 76 as if set forth fully herein.

78. Upon information and belief, the Bureaus and defendant Resellers maintain a contractual relationship wherein Resellers agree to act as a conduit between Class members who wish to purchase credit reports for consumers and the Bureaus.

79. Upon information and belief, the Class members are the intended beneficiaries of the contracts between the Bureaus and Resellers.

80. Upon information and belief, the Defendants knew and at all times recognized that the Class members were intended beneficiaries of their contractual relationship.

81. Upon information and belief, despite a recognition that the Class members were intended beneficiaries of this relationship, the Defendants nonetheless engaged in intentional conduct that clearly undermined the Class members' efforts to further develop relationships with its customers by intentionally selling their customer information to the Class members' third-party competitors.

82. Based on the Defendants' conduct, the Bureaus and Resellers have knowingly and intentionally violated the rights of the intended beneficiaries to their contracts.

83. As a result of the Defendants' breach of contract, the Class members, the Class members have been damaged.

## EIGHTH CAUSE OF ACTION
(Unjust Enrichment)

84. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 85 as if set forth fully herein.

85. Based on the Defendants' conduct as described above, the Bureaus and Resellers in this action have been unjustly enriched by being permitted to wrongfully sell proprietary customer information belonging to the Class members.

86. Upon information and belief, by reason of their intentional and improper conduct that directly contravened and interfered with the Class members rights, the Defendants have generated significant improper profits to the detriment of the Class members.

87. Given that the profits generated by the Defendants were improper and obtained solely to the detriment of the Class members, in equity and good conscience, all profits generated by the Defendants as a result of their unlawful and improper conduct should be disgorged from them forthwith.

## NINTH CAUSE OF ACTION
(Injunctive Relief)

88. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 87 as if set forth fully herein.

89. As a result of the Defendants' ongoing unlawful and intentional conduct as set forth above, the Class members continue to be severely harmed by the Bureaus' and Resellers' actions.

90. So long as the Defendants are permitted to engage in the act of selling the Class members' proprietary information, the Class members will continue to suffer the loss of business, the loss of revenue and the loss of goodwill.

91. Upon information and belief, the only way for the Class members to immediately halt these damages from being incurred is through the issuance of a preliminary injunction.

92. Without the issuance of a preliminary and subsequently a permanent injunction, the Class members in this action will suffered irreparable harm to their business.

93. As a direct result of the Defendants' unfair business practices, the Class members continue to suffer harm, and will continue to do so unless and until the Defendants prohibited from divulging confidential information concerning the Class members' customers.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of itself and all others similarly situated, pray for judgment against the Defendants as follows:

    A.    An Order that this action is properly brought and maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure;

    B.    An Order declaring unlawful the acts and conduct of Defendants complained of herein;

    C.    An Order preliminarily and permanently enjoining Defendants from engaging in the unlawful acts and conduct complained of herein;

D. An Order compelling restitution and disgorgement and imposition of a constructive trust for the benefit of Plaintiff and the Class;

E. An award of compensatory damages to Plaintiff and the Class, together with an award of consequential and incidental damages and costs suffered by Plaintiff and Class members because of Defendants' wrongful conduct;

F. An award of pre-judgment and post-judgment interest to Plaintiff and the Class;

G. An award of reasonable attorneys' fees and costs incurred by Plaintiff and the Class in this action, including expert-witness fees; and

H. Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

DATED: July 17, 2007

Respectfully submitted,

    /S/
Louis B. Cristo, Esq.
TREVETT CRISTO SALZER & ANDOLINA P.C.
Two State Street, Suite 1000
Rochester, New York 14614
Telephone: (585) 454-2181
Facsimile: (585) 454-4026

*Attorneys for Individual and Representative Plaintiff Premium Mortgage Corp.*

G:\USERS\MCampanella\Donoghue, Mike\Trigger Leads\Class Action Complaint.wpd