```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PREMIUM MORTGAGE CORP.,
on behalf of itself and
all others similarly situated,

                        Plaintiff,            07-CV-6349T

            v.                                 DECISION
                                               and ORDER
EQUIFAX INFORMATION SERVICES, LLC,
a Georgia limited liability company,
TRANS UNION LLC, a Delaware limited
liability Company, EXPERIAN INFORMATION
SOLUTIONS INC., an Ohio Corporation, and
CREDIT PLUS, INC., a Maryland corporation,
Individually and as a Representative
of Similarly Situated Defendants,

                        Defendants.
_____
```

## INTRODUCTION

Plaintiff Premium Mortgage Corp, ("Premium Mortgage"), a lending agency engaged in the business of lending money to homeowners and/or persons buying a home, brings this action against defendants Equifax Information Services, LLC, ("Equifax"), Trans Union LLC, ("Trans Union"), Experian Information Solutions Inc., ("Exerian") (all of whom are credit reporting agencies) and Credit Plus, Inc., ("Credit Plus") (a reseller of credit information) claiming that defendants have violated various New York State common law duties by selling certain consumer credit reports to numerous lending agencies. Defendants Equifax, Trans Union, and Experian ("defendants") move to dismiss Counts Three through Nine of plaintiff's Amended Compliant on grounds that plaintiff's claims

1

are pre-empted by the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 et seq.[1]  Plaintiff opposes the defendants' motion.

For the reasons set forth below, I find that the plaintiff's claims are pre-empted by the FCRA, and therefore, I grant the defendants' motion to dismiss.

BACKGROUND

Plaintiff Premium Mortgage is a lending agency engaged in the business of lending money to homeowners and potential homeowners. When potential borrowers apply for a loan from Premium Mortgage, the company obtains a credit report from a reseller of credit information, such as defendant Credit Plus, Inc.  Credit Plus obtains such reports from one or more of the three national credit reporting agencies: defendants Equifax, Experian, and Trans Union.

Because the practice of obtaining a credit report from a credit reporting agency is regulated by provisions of the Fair Credit Reporting Act, when a credit report is sought from a credit reporting bureau, the person or entity seeking the report must disclose the purpose for obtaining the report.  Therefore, when a reseller of credit information makes a request for a credit report in connection with a mortgage application, the reseller must disclose that purpose.  The request itself, including the purpose of the request, is then noted in the potential borrower's credit history.  Accordingly, once a consumer has applied for a mortgage

---

[1] Counts One and Two of the Amended Complaint are directed solely to defendant Credit Plus, Inc., which has not moved to dismiss the Amended Complaint.

loan from a lending institution, that fact becomes a part of the consumer's credit history.

According to the plaintiff, the defendant credit bureaus have entered into agreements with several lending institutions pursuant to which the lenders pay the credit bureaus to be notified when a consumer has applied for a mortgage loan.  These notifications, known as "trigger leads," are generated when the credit report of a consumer meeting predetermined credit qualifications (as established by each lending agency) indicates that the consumer has recently applied for a mortgage loan.  Upon receiving a trigger lead, the lending agency then has the opportunity to compete for the consumer's business by making a loan offer to the consumer.  According to the Complaint, the credit bureaus and resellers of credit information make substantial profits by selling trigger leads to lending companies.

Premium Mortgage contends that the selling of consumer information that was obtained pursuant to its request for a credit report violates several common law duties owed by the defendants to Premium Mortgage.  In support of its claims, plaintiff contends that the defendants, by selling trigger leads, are selling confidential and proprietary information.  According to the plaintiff, the selling of such confidential and proprietary information violates contractual duties to keep that information confidential, and common law duties of acting in good faith.  Plaintiff also contends that by selling trigger leads, the defendants have misappropriated its confidential information and

3

trade secrets.  Premium Mortgage alleges that by selling confidential information to plaintiff's competitors, the defendants have engaged in fraud, unfair dealing, and interference with plaintiff's contractual and business relationships.

DISCUSSION

I.   <u>Defendants' Motion to Dismiss</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of the complaint where the plaintiff has failed to state a claim upon which relief can be granted.  When evaluating a Rule 12(b)(6) motion, the court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for relief.  <u>Ferran v. Town of Nassau</u>, 11 F.3rd 21, 22 (2d Cir. 1993), <u>cert</u>. <u>denied</u>, 513 U.S. 1014 (1994).  The court may grant a Rule 12(b)(6) motion only where "`it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Allen v. WestPoint-Pepperell, Inc.</u>, 945 F.2d 40, 44 (2d Cir. 1991) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

II.  <u>Plaintiff's Claims are Pre-empted by the Fair Credit Reporting Act</u>.

The Fair Credit Reporting Act, codified at 15 U.S.C. § 1681 <u>et seq</u>., governs the manner in which consumer credit information may be gathered, disseminated, and used.  15 U.S.C. §§ 1681(b); 1681b(f); <u>Chester v. Purvis</u>, 260 F.Supp.2d 711, 717 (S.D. Ind., 2003).  With respect to the dissemination of consumer credit

information, the FCRA explicitly authorizes credit bureaus and resellers to provide consumer credit information to lending agencies under specific, narrowly prescribed circumstances, including circumstances in which the consumer did not consent to his or her information be disseminated.  15 U.S.C. § 1681b(c). Specifically, 15 U.S.C. § 1681b(c) allows for the "prescreening" of credit information: a practice which allows a credit reporting agency to "furnish a consumer report ... in connection with any credit ... transaction that is not initiated by the consumer ...." provided, inter alia, that the consumer has not elected to be excluded from such offers, and the lending agency uses the information furnished by the reporting bureau to make "a firm offer of credit" to the consumer.  15 U.S.C. § 1681b(c)(1).  See also Poehl v. Countrywide Home Loans, 528 F.3d 1093, 1096 (8th Cir., 2008)("Congress amended FCRA in 1996 to permit creditors to purchase prescreened lists of consumers who meet the creditor's specific criteria without the consumers' consent as long as the purchaser intends to give the consumer a 'firm offer of credit.'"); Trans Union LLC v. Federal Trade Commission, 536 U.S. 915, 122 S.Ct. 2386, 2387 (2002)(Mem.)(Kennedy, J., dissenting) ("the FCRA permits prescreening-the disclosure of consumer reports for target marketing for credit ....")

In enacting the FCRA, Congress expressly provided that the law did not, with the exception of specific, enumerated exclusions, "annul, alter, [or] affect" any State law, and did not "exempt any person ... from complying with the laws of any State with respect

to the collection, distribution, or use of any information on consumers ...." 15 U.S.C. § 1681t(a). Congress did, however, specifically provide that no state-law requirement or prohibition could be imposed "with respect to any subject matter regulated under . . . subsection (c) or (e) of section 1681b . . . relating to the prescreening of consumer reports ...." 15 U.S.C. § 1681t(b)(1)(A). "The preemptive reach of the FCRA is both broad and explicit: Section 1681t(b)(1)(A) preempts any state law that imposes a prohibition or requirement with respect to 'any subject matter regulated by' § 1681b(c)." Consumer Data Industry Ass'n v. Swanson, 2007 W.L. 2219389, *4 (D. Minn., 2007).

In the instant case, plaintiff contends that the practice of prescreening, by which mortgage trigger leads are generated, violates several common law duties owed by the defendants to the plaintiff. While plaintiff acknowledges that the FCRA pre-empts state *statutory* claims, plaintiff contends that the FCRA does not pre-empt state *common* law claims, and therefore, plaintiff's common law claims may proceed.

I find, however, that 15 U.S.C. § 1681t(b)(1)(A) pre-empts both statutory and common law prohibitions or restrictions on the practice of prescreening. It is axiomatic that the term "state law" includes state common law, as well as state statutory law and regulation. Cipollone v. Liggett Group, Inc., 505 U.S. 504, 522 (1992). In the context of pre-emption doctrine, however, because of the strong presumption *against* preemeption, the Supreme Court has cautioned that the presumption "might give good reason to

6

construe the phrase "state law" in a pre-emption provision more narrowly than an identical phrase in another context ...." Id.

In the instant case, however, there is no basis for limiting the preemptory effect of Section 1681t(b)(1)(A) solely to state statutory law.  Rather, because Congress explicitly stated that in the FCRA that "[n]o requirement or prohibition may be imposed under the laws of any State with respect to . . . . the prescreening of consumer reports", under Supreme Court precedent, the use of that language mandates a finding that the provision pre-empts both state statutory and common law.  As the Supreme Court stated earlier this year in Riegel v. Medtronic, Inc., ___ U.S. ___, ___ , 128 S.Ct. 999, 1008  (2008) "[a]bsent other indication, reference [in a federal statute] to a State's 'requirements' includes its common-law duties."  See also Cipollone, 505 U.S. 504 (finding statute which prohibited any "requirement or prohibition" imposed under State law pre-empted both statutory and common law limitations); Bates v. Dow Agrosciences LLC, 544 U.S. 431 (2005) (requirement or prohibition imposed pursuant to state law included state statutory and common law limitations.).  As stated by Justice Scalia in Riegel, "Congress is entitled to know what meaning this Court will assign to terms regularly used in its enactments." Riegel, 128 S.Ct. at 1008.  Based on the Court's interpretation of the term "state-law requirement or prohibition" as gleaned from the Riegel, Cippollone, and Bates decisions, it is clear that as used in the FCRA, the phrase "[n]o requirement or prohibition may be imposed under the laws of any State with respect to . . . . the

7

prescreening of consumer reports" pre-empts any State law, either common or statutory, that purports to limit, restrict or prohibit the practice of prescreening in any manner that is inconsistent with the FCRA.  Because the common law causes of action brought in this case seek to prohibit the defendants' ability to engage in the prescreening of consumer reports, or make the defendants liable for engaging in the practice, the asserted common law causes of action are pre-empted by the FCRA.

Plaintiff contends, however, that pre-emption is not appropriate in this case because Congress indicated its intention that Section 1681t does not pre-empt all common-law causes of action by enacting a separate pre-emption provision, 15 U.S.C. § 1681h(e), which expressly applies to common law causes of action. Plaintiff argues that because Section 1681h(e) expressly applies to state common-law causes of action, and Section 1681t does not, Congress must have intended that Section 1681t pre-empt only statutory law, and not common law.  This argument, however, is without merit.  Section 1681h(e) is entitled "Limitation of Liability" and, as its title suggests, is a section concerned with the limitation of liability under the FCRA: not pre-emption.  The fact that Section 1681h(e) expressly prohibits certain common law causes of action with respect to liability for reporting credit information is inapposite to Section 1681t's explicit pre-emption of any state law that attempts to restrict or prohibit the practice of prescreening.  Accordingly, I find that Section 1681t(b)(1)(A) applies to both state statutory and common law claims.   I have

considered plaintiff's remaining arguments, and find them to be without merit.

## CONCLUSION

For the reasons set forth above, I grant defendants' motion to dismiss with prejudice Counts Three through Nine of the Amended Complaint against all defendants on grounds that the causes of action asserted in those claims are pre-empted by the FCRA. Counts One and Two of the Amended Complaint, which were not the subject of the instant motion, asserting causes of action against defendant Credit Plus, remain pending.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

--------

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         September 30, 2008